BANFIELD v. DAVIDSON.   (No. 7543.)

(Court of Civil Appeals of Texas.   Galveston. Feb. 28, 1918.)

1. FRAUDS, STATUTE OF ☞23(4)—PROMISE TO ANSWER FOR DEBT OF ANOTHER—ORIGINAL UNDERTAKING.

Where defendant injured a boy, and took him to plaintiff's hospital, and requested plaintiff to treat the boy's broken leg, defendant's agreement to pay plaintiff for his services was an original undertaking of defendant's, not within the statute of frauds as to a promise to pay for the debt, default, or miscarriage of another.

2. TRIAL   ☞237(1)—INSTRUCTION—BURDEN OF PROOF.

In a physician's action for hospital services rendered a boy injured by defendant, the court's special charge *held* clearly to have instructed the jury that only in the event they should find from a preponderance of the evidence that plaintiff had proven his cause of action could they render verdict for him.

3. TRIAL   ☞260(2)—INSTRUCTIONS—REPETITION.

The trial court is not required to give a general charge, independent of the special charges given, where such special charges fairly cover all the issues called for by the pleadings and evidence.

Appeal from Wharton County Court; W. G. Davis, Judge.

Suit by G. L. Davidson against J. A. Banfield. From a judgment for plaintiff, defendant appeals. Affirmed.

Hall & Barclay, of Wharton, for appellant. H. A. Cline, of Wharton, for appellee.

LANE, J.   This suit was instituted by Dr. G. L. Davidson, appellee, against J. A. Banfield, appellant, to recover judgment for the sum of $291.45. It is substantially alleged in the plaintiff's petition that plaintiff was a practicing physician on the 22d day of November, 1914; that on said date he owned a certain hospital known and called the "Caney Valley Hospital," situated in the town of Wharton, Tex., in which he treated such patients, when so requested, as were brought to his hospital; that on said date appellant, Banfield, brought one Johnny Van to said hospital who was suffering from a broken leg, caused by the malicious and negligent act of appellant, and requested plaintiff to give said Van all such medical services and hospital accommodation and attention as might be necessary to bring about the restoration of said Van; that for such services, accommodation, and attention, appellant, Banfield, before the same were undertaken, performed, or given, promised to pay appellee. It is further alleged that such services, accommodation, and attention were reasonably worth the sum of $291.45, and that appellant had refused to pay any part of the same.

By answer the defendant, J. A. Banfield, denied that he promised Dr. Davidson, either expressly or by implication, to pay him for the medical services, hospital accommodation, and attention furnished to Johnny Van, as alleged by Davidson. He further says that if he did make such promise the same was verbal only and not in writing, and that as the sum due appellee for the medical services, etc., was the debt of said Johnny Van, and not the debt of Banfield, he (Banfield) could not be held liable therefor, and he specially pleads the statute of frauds, which provides that no person shall be held liable for the debt, default, or miscarriage of another, unless such person shall by some agreement or memorandum in writing, signed by the promisor or by some person by him authorized, promise to pay such debt, default, or miscarriage of the other. He also denied that Van was injured by any malicious or negligent act of his.

The cause was tried by the court before a jury, to whom the court gave the following special charges requested by the plaintiff:

"Gentlemen of the Jury: A promise to pay for services rendered to a third person at the promisor's request is an original undertaking, not within the statute of frauds. Therefore, if you find from the evidence in this case that defendant promised to pay plaintiff for the services rendered Johnny Van, if any, by plaintiff, and that such services were rendered said Johnny Van at the request of defendant, then such promise need not be in writing, and defendant would be liable to pay plaintiff for the reasonable value of such services, and if you so find by a preponderance of the evidence, you will find for the plaintiff in such amount as you may find the reasonable value of such services."

"Where one does for another that which the other is legally obligated to do, the law not only implies a previous request that the thing should be done, but a promise to compensate. Therefore, if you find in this case that defendant was driving his car at a reckless and dangerous rate of speed, and thereby struck and injured the witness, Johnny Van, without any negligence upon the part of the said Johnny Van, then defendant would be legally liable for such injuries and the services rendered by plaintiff in this case to witness Johnny Van, and if you so find, you will find for the plaintiff in such amount as said services are reasonably worth; notwithstanding you may find from the evidence that

---

defendant did not promise to pay for such services."

The verdict of the jury was for plaintiff Davidson against defendant Banfield for the sum of $291.45, the sum sued for, and judgment was accordingly entered for said sum. Banfield has appealed.

Appellant's assignments, in substance, are: First, that the court erred in refusing, at the request of appellant, to instruct the jury that "no person can be held bound or liable upon a promise to answer for the debt, default, or miscarriage of another, unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized to sign the same, because the court gave no general charge covering the issue"; and, second, that the court erred in failing to charge the jury, at the request of appellant, that the burden of proof was upon the plaintiff to establish his cause of action by a preponderance of the evidence, because the court gave no general charge upon the question of burden of proof. Both of the assignments are without merit, and are overruled.

[1] The agreement by appellant to pay Davidson for his services was an original undertaking of appellant.

There is no contention by either party that it is alleged in the pleadings of either party or shown by the evidence that the medical services or hospital accommodation given to Johnny Van were first performed, and thereafter a promise was made by appellant to pay the reasonable value for such services, etc. There was no evidence calling for a charge upon the statute of frauds. The cause of action alleged and proven was not within the statute of frauds. We think there was sufficient evidence to support a finding by the jury that on the 22d day of November, 1914, appellant, Banfield, negligently ran his automobile against Johnny Van, who was at the time riding a bicycle, and that by such negligent act the leg of Van was broken, and other injuries inflicted upon his body; that he was immediately taken by appellant to the hospital of appellee, and that on reaching said hospital appellant told appellee, Dr. Davidson, to take Van into his hospital, and give him all necessary attention, and to try to save his life, and that he (Banfield) would pay appellee for such services, etc.; that appellee did take the said Van into his hospital upon such request of appellant, and did give him all necessary medical treatment and hospital accommodations and attention, as requested by appellant, for about six weeks, and that such medical services, etc., were reasonably worth the sum of $291.45—that being the sum for which judgment was rendered against appellant by the trial court.

[2, 3] We also think that by the special charge given by the trial court hereinbefore set out, the court fairly submitted to the jury every legal issue raised by the pleadings and the evidence, and that such charge clearly instructed the jury that only in the event they should find from a preponderance of the evidence that plaintiff, Davidson, had proven his cause of action could they render a verdict for him. These special charges, though requested by appellee, when given to the jury were charges of the trial court, and we know of no law which requires the trial court to give a general charge, independent of special charges given, where such special charges fairly cover all the issues called for by the pleadings and evidence. We do not think the court erred in refusing appellant's special charges.

The judgment of the trial court is affirmed.

Affirmed.